IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| John Ernist Tyson | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | No. 18 C 1733 |
|  | ) |  |
| Cook County, et al. | ) |  |

## Memorandum Opinion and Order

The complaint in this case, currently in its fifth iteration,[1] alleges that while plaintiff was incarcerated for traffic violations on two separate occasions at Cook County Jail, medical staff responsible for his care, including defendant nurses Echols, Campbell, and Nwankwo (the "nurse defendants"), refused to follow his physician's orders to check his blood pressure prior to administering heart medication he was prescribed for a serious heart condition. During the first period of incarceration, which began on or around December 7, 2017, plaintiff explained to the nurse defendants that taking his medication when his blood pressure was too low was dangerous and potentially life-threatening. The nurses nevertheless refused to take his blood pressure, so plaintiff declined his medication for approximately seven days. On the eighth day, December 14, 2017, plaintiff took his medication

---

[1] Plaintiff's original, pro se complaint was followed by counseled amended, second amended, and third amended complaints. The complaint now under consideration is his Fourth Amended Complaint.

after an unnamed staff member took his blood pressure. The following day, plaintiff suffered a stroke, which the nurse defendants and defendant Dr. Williamson failed to acknowledge or treat, despite plaintiff's complaints. Plaintiff's stroke was eventually diagnosed after another physician at the jail ordered him transferred to Stroger Hospital. Plaintiff suffered physical and emotional injuries as a result of the stroke, and has required physical therapy and assistive devices including a wheelchair, a walker, and a cane to move from place to place.

On or around May 26, 2018, plaintiff was again incarcerated at Cook County Jail, where he again found himself assigned to the floor on which the nurse defendants had previously denied him medical treatment. He asked a jail doctor and defendant Jail Sergeant Maglaya to be placed in the jail's medical unit; but Maglaya ordered defendants Clark, Gluszek, and Guzik to take plaintiff instead to his assigned floor. Prior to taking him to that floor, these officers kicked and battered plaintiff while he was restrained in hand- and leg-cuffs. Defendant Maglaya allegedly made a video recording of this incident, but defendants failed to preserve it. Plaintiff remained in custody at Cook County Jail for approximately four days, during which time he received his prescribed heart medication only once. He was later transferred to another facility and had no further problems. This lawsuit followed.

2

The Fourth Amended Complaint ("FAC") asserts six claims: Count I claims that "Cook County Jail Medical Staff"[2] was deliberately indifferent to his serious medical condition in violation of the Fourteenth Amendment. Count II asserts a *Monell* claim against Cook County, the Cook County Sheriff's Office, and the Cook County Sheriff based on a wide range of customs, policies, practices, and procedures that plaintiff claims caused the foregoing Fourteenth Amendment violation, as well as on these defendants' failure to train and/or supervise medical staff and establish policies and procedures necessary to prevent such violations. In Count III, plaintiff asserts a § 1983 excessive force claim against the Sheriff, Maglaya, Clark, Gluszek and Guzik, while Count IV asserts a claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), against Dart, Cook County, and the Cook County Sheriff's office based on its customs, policies, practices, or procedures (or the lack thereof) that plaintiff claims resulted in the unconstitutional use of force against him. The fifth and sixth counts of the FAC assert state claims for negligence against all defendants and negligent spoliation of evidence against Cook County, the Cook

---

[2] I presume this includes the nurse defendants and Dr. Williamson, although the FAC does not state which individuals plaintiff intends to include in this undefined group.

3

County Sheriff's Office, Sheriff Dart, Sergeant Maglaya, and Officers Clark, Gluszek, and Guzik.

These claims are substantively identical to those asserted in plaintiff's Third Amended Complaint, which I dismissed in part on April 14, 2020, on a motion brought by Sheriff Dart and Cook County.[3] In particular, I concluded that plaintiff had not alleged an adequate factual basis to state a plausible *Monell* claim based on the allegedly unconstitutional use of force against him. I declined, however, to dismiss plaintiff's *Monell* claim arising out of deliberate indifference to his serious medical condition, and I further rejected the moving defendants' requests to dismiss his state claims as untimely and to sever his claims into two different actions.

All defendants have now filed a joint motion to dismiss in which they repeat some of the arguments I considered in connection with the previous motion and raise new arguments not previously invoked. For the reasons that follow, I grant the motion in part.

Defendants' lead argument is that Sheriff Dart should be dismissed from the action because the claims against him are redundant of claims against the Cook County Sheriff's office. This argument is correct to the extent that Dart is sued in his official

---

[3] The primary difference between the Third and Fourth Amended Complaints is that three individuals previously named as defendants have been dropped from the suit, while a fourth defendant has now been identified by both his first and last names.

4

capacity. "[A]n official capacity suit is another way of pleading an action against an entity of which the officer is an agent." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Accordingly, whether Dart is named as defendant in his official capacity as the Sheriff of Cook County, or whether the Cook County Sheriff's Office itself is named, makes no difference to the substance of plaintiff's suit.

What does make a difference is whether plaintiff's suit seeks damages from Sheriff Dart in his individual capacity.[4] To state a claim against a supervisory official such as Dart for individual liability under § 1983, plaintiff must allege that Dart "directed the conduct causing the constitutional violation, or it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (additional citation omitted). This means that the complaint must articulate a factual basis to suggest that Dart knew about the conduct that caused the constitutional violation and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye," *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citation and omitted), or that he "personally devised

---

[4] As I noted in my April 14, 2020, decision, plaintiff's pleadings do not make clear whether he is suing Dart in his individual or official capacity. Because the motion to dismiss the Third Amended Complaint did not raise the issue, I did not resolve whether plaintiff's allegations adequately pled a claim against Dart in his individual capacity.

5

a deliberately indifferent policy that caused a constitutional injury," *Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998). The allegations in the Fourth Amended Complaint do not support such an inference. Plaintiff's generic allegations, which assert on information and belief that the actions he claims caused him injury were pursuant to official policies or customs (or the absence of thereof) and were "directed, encouraged, allowed, and/or ratified by policymaking officers" of Cook County and its Sheriff's Office, are insufficient to establish Dart's individual responsibility for the alleged constitutional violations. With respect to plaintiff's claim of deliberate indifference, nothing in the FAC suggests that Dart knew or should have known that the nurse defendants refused to follow plaintiff's medical orders in the manner required for him to take his prescribed medication, or that Dart himself "devised" Cook County Jail's policies and procedures relating to detainee medical care or had reason to believe that they were inadequate to ensure that plaintiff would receive his medications in the manner prescribed. And with respect to plaintiff's claim of excessive force, there is neither a factual basis for imputing knowledge of the incident plaintiff describes to Sheriff Dart, nor, as I explained in my decision of April 14, 2020, any ground for inferring that the incident was the product of an official custom, practice, or policy for which Dart bears personal responsibility. For these reasons, to the extent Dart is

sued pursuant to § 1983 in his individual capacity, he is dismissed from those counts.

Defendants also seek dismissal of plaintiff's two *Monell* claims. The first of these asserts that plaintiff's inability to take his heart medication for some time during each of his two periods of incarceration was the result of customs, policies, or practices by Cook County and the Cook County Sheriff's Office that reflected deliberate indifference to his serious medical condition. I previously concluded that plaintiff's allegations were sufficient to proceed to discovery on this claim, and nothing in defendants' latest submission persuades me to disturb that conclusion. Plaintiff's second *Monell* claim asserts that Cook County and the Cook County Sheriff's office had customs, policies, or practices that resulted in the unconstitutional use of force against plaintiff during his second period of incarceration. I held the allegations supporting this claim deficient in my previous ruling, and the FAC does not cure the flaws I identified. For these reasons, the *Monell* claim asserted in Count II of the FAC may proceed, but the *Monell* claim in Count IV is dismissed.[5]

---

[5] To be clear, plaintiff may proceed on the excessive force claim he asserts in Count III of the FAC against defendants Maglaya, Clark, Gluszek, and Guzik as individuals. Although defendants seek dismissal of Counts II-VI inclusive, they articulate no argument and cite no authority to support dismissal of this claim.

7

Defendants' arguments for dismissal of plaintiff's state claims do not warrant extensive discussion. The first is that the negligence claim seeks to hold each defendant named in the complaint liable for the conduct of the others, fails to state the specific duty he believes is owed by each, and alleges injuries based on several different occurrences. It is true that a number of paragraphs in the complaint lump defendants together; but read as a whole, it is clear from plaintiff's recitation of the events which defendants engaged in which conduct, and the basic grounds on which plaintiff seeks to hold each responsible for his or her actions. None of the authorities defendants cite persuades me that Rule 8 requires more.

Nor am I convinced that the face of the pleadings establishes that the Illinois' Tort Immunity Act ("TIA") shields defendants from liability for the conduct alleged. Conspicuously, defendants' motion does not cite a single case to support dismissal on this ground, and for good reason: as immunity under the statute is an affirmative defense on which defendant bears the burden of proof, it is not ordinarily susceptible to resolution at the pleadings stage. *See Harris v. City of Chicago*, 479 F.Supp.3d 743, 753 (N.D. Ill. 2020) (declining to dismiss complaint based on TIA immunity, noting that immunity is "an affirmative defense" that warrants dismissal "only when the factual allegations in the complaint unambiguously establish all the elements of the defense")

8

(internal quotation marks and citation omitted). The allegations in the FAC do not establish defendants' immunity. Among other reasons, the complaint asserts deliberate indifference to plaintiff's rights, which is equivalent to "willful and wanton" conduct that is excluded from the scope of immunity under the state statute. *Williams v. Rodriguez*, 509 F.3d 392, 404-05 (7th Cir. 2007) (the "willful and wanton [standard] is 'remarkably similar' to the deliberate indifference standard") (alterations in original, citations omitted); *see also Padilla v. Perez*, No. 15 C 5862, 2017 WL 345553, at *5 (N.D. Ill. Jan 24, 2017) (declining to hold defendants immune from liability under the TIA at the pleading stage where alleged acts may have risen to the level of "willful and wanton" conduct). While it is possible that a fully developed factual record will allow one or more of the defendants named in this count to establish immunity under the TIA provisions, plaintiff is entitled to discovery to determine the scope of each defendant's role in the negligent conduct he alleges.

This leaves only plaintiff's claim for negligent spoliation of evidence, which he asserts against defendants Dart, Maglaya, Gluszek, and Guzik. The thrust of this claim is that defendant Maglaya captured on video the alleged use of excessive force on plaintiff, but that the defendants failed to preserve this evidence although they had a duty to do so. Defendants' observation that the FAC does not plead any duty on their part "to wear body cameras

9

or portable audio/video recorders in the first place" misses the point, as that is not the duty plaintiff claims they breached. Nor is defendants' statements that plaintiff "is silent on whose duty it was to maintain the alleged footage" accurate: the FAC asserts that each defendant named in this count had such a duty, and that they breached that duty by failing to preserve that evidence after a grievance plaintiff filed concerning the incident put them on notice of their duty to do so. That is sufficient.

For the foregoing reasons, plaintiff's § 1983 claims against Sheriff Dart in his individual capacity are dismissed, as is Count IV of the FAC. The motion to dismiss is otherwise denied. In the three years since plaintiff filed his original complaint, he has had ample opportunity to articulate viable claims, which defendants have had several opportunities to challenge. It is time to move on. The parties are directed to conclude discovery on the surviving claims of the Fourth Amended Complaint with no further amendments.

**ENTER ORDER:**

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: May 17, 2021

10